**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**COMPLAINT**

CASE NO.:
26-cv-5154

Marla Brown,
**Plaintiff,**

v.

AVIS BUDGET GROUP, DRIVO RENT A CAR, LLC, ACE RENT A CAR, INC.,
**Defendant,**

AUG 21 2026
PRO SE OFFICE

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 et seq.

### I. NATURE OF ACTION

1. This is an action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., to redress Defendant's systematic, unauthorized use of consumer credit reports to screen and exclude consumers from fully prepaid, insured vehicle rental transactions for which no permissible purpose exists under federal law.
2. 
3. Defendant operates a nationwide car rental enterprise and, as part of its regular course of business, conditions access to prepaid rental vehicles on consumers ' creditworthiness, despite no extension of credit, no deferred payment obligation, and no lawful justification for accessing consumer report data.

### II. PARTIES

4. Plaintiff is a natural person and a "consumer" within the meaning of 15 U.S.C. § 1681a(c).
5. Defendant is a national car rental conglomerate engaged in interstate commerce. Defendant is not a consumer reporting agency, not a creditor, and not a furnisher, but is a "user of consumer reports" within the meaning of the FCRA.

### III. FACTUAL ALLEGATIONS

6. On or about August 11, 2025, Plaintiff initiated a vehicle rental transaction with Defendant.
7. The rental was: Fully prepaid; Insured for the duration of the rental; Not contingent on future payment performance; Not an extension of credit, loan, or installment obligation.
8. Defendant required no credit line, no financing, and no deferred billing to complete the transaction.

REC'D IN PRO SE OFFICE
AUG 21 '26 PM12:08

9. Plaintiff paid the entire rental cost in advance, including all applicable taxes and fees.
10. Plaintiff additionally purchased insurance coverage for the rental period, eliminating Defendant's exposure to loss arising from damage, theft, or liability.
11. The transaction involved no extension of credit, deferred payment, installment obligation, or financial accommodation by Defendant.
12. Defendant assumed no risk of nonpayment, as funds were collected before performance.
13. Plaintiff did not apply for credit, request financing, or seek any payment deferral from Defendant.
14. Defendant did not offer Plaintiff credit and was not evaluating Plaintiff for eligibility to receive credit.
15. The transaction was a completed sale of services, not a credit-based transaction.
16. As such, the transaction does not fall within any permissible purpose enumerated under 15 U.S.C. § 1681b(a).
17. Notwithstanding the prepaid and insured nature of the transaction, Defendant accessed, obtained, and/or used Plaintiff's consumer credit report & credit history.
18. Defendant's access to Plaintiff's consumer report was not necessary to complete the prepaid rental transaction.
19. Defendant's conduct constituted an unauthorized intrusion into Plaintiff's protected consumer credit information.
20. Defendant used Plaintiff's consumer credit information to evaluate Plaintiff's "creditworthiness," "risk profile," & eligibility to receive a rental vehicle.
21. The use of consumer credit data for such purposes in a prepaid transaction exceeds the scope of any lawful business necessity contemplated by the FCRA.
22. A representative of Defendant expressly stated, multiple times, that: "They're giving me a $30,000 vehicle. People with certain scores are more likely to return the vehicle." This statement constitutes a direct admission that Defendant evaluates credit scores; uses credit-derived information to assess eligibility; employs consumer credit data as a proxy for behavioral risk, not payment risk.
23. The FCRA does not permit access to consumer reports merely to assess a consumer's financial character where no credit, insurance underwriting, employment or statutorily authorized transaction exists. The value of the rental vehicle does not convert a prepaid bailment into a credit transaction.
24. Risk of loss is addressed through: pricing, deposits, insurance, contractual remedies; not consumer credit reports.
25. Following Defendant's use of Plaintiff's credit information based in whole of the information derived from Plaintiff's consumer report, Defendant denied Plaintiff's rental transaction.
26. Such conduct constitutes an adverse action as defined by 15 U.S.C. § 1681a(k).
27. Defendant failed to provide Plaintiff with the disclosures required by 15 U.S.C. § 1681m(a) including: a. Notice of the adverse action; b. Identification of the consumer reporting agency; c. Notice of Plaintiff's right to dispute the accuracy of the information.
28. Defendant's internal policies, rental terms, or risk-management practices cannot create a permissible purpose where Congress has not authorized one.

29. Defendant's failure constitutes a separate and independent violation of 15 U.S.C. §1681m.
30. On February 2, 2026, Defendant repeated the same unlawful conduct during a separate rental attempt.
31. The second incident demonstrates: a pattern and practice; willful noncompliance; knowledge of statutory requirements and deliberate disregard thereof.
32. The FCRA is a strict liability statute that limits access to consumer reports to enumerated circumstances.
33. Defendant's reliance on internal policy to justify accessing Plaintiff's credit report is legally irrelevant and insufficient as a matter of law.
34. Defendant is a sophisticated corporate entity operating nationwide.
35. Defendant knew or recklessly disregarded that consumer credit reports may only be accessed for statutorily defined purposes.
36. Defendant nonetheless accessed Plaintiff's consumer report in a transaction plainly outside the scope of the FCRA.
37. Defendant's conduct was therefore willful within the meaning of 15 U.S.C. § 1681n.

**COUNT I – UNAUTHORIZED ACCESS TO CONSUMER REPORT (15 U.S.C. § 1681b)**

38. Plaintiff incorporates all preceding allegations.
39. Defendant obtained and/or used Plaintiff's consumer report without a permissible purpose.
40. Defendant lacked any legitimate business need connected to a statutorily authorized transaction.
41. Defendant's conduct violates §1681b(a).

**COUNT II - FAILURE TO PROVIDE ADVERSE ACTION NOTICE (15 U.S.C. §1681m & 1681a(k))**

42. Defendant took adverse action based in whole or in part on information contained in a consumer report.
43. Defendant failed to provide mandatory statutory disclosures required by law.
44. Defendant used Plaintiff's consumer report to take adverse action.
45. Defendant violated Plaintiff's substantive rights under the FCRA.

**COUNT IV – WILLFUL NONCOMPLIANCE (15 U.S.C. § 1681n)**

46. Defendant knowingly and intentionally employed credit screening despite no lawful purpose.
47. Defendant's violations were knowing or reckless.
48. Plaintiff is entitled to statutory and punitive damages.

## DAMAGES

49. Plaintiff seeks: statutory damages; actual damages; punitive damages; costs and attorneys 'fees; injunctive relief prohibiting Defendant from using consumer credit reports in prepaid rental transactions.
50. Plaintiff suffered actual damages, including loss of use, inconvenience, emotional distress, and deprivation of statutory rights.
51. Plaintiff is entitled to statutory damages of $1,000 per violation.
52. Plaintiff is entitled to punitive damages.
53. Plaintiff is entitled to attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare Defendant's conduct in violation of the FCRA
B. Award statutory and punitive damages
C. Enjoin Defendant from accessing consumer reports for prepaid rental transactions
D. Award costs and fees
E. Grant all other appropriate relief

## JURY DEMAND

Plaintiff demands trial by jury.

June 2, 2026 (CMB)
Dated: ~~February~~ 2, 2026
/s/: Brown, Marla
All Rights Reserved
Marla Brown, UCC1-308

OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 2323 2135 46

USA FOREVER

USMS

U.S.D.C., E.D.N.Y.
Pro SE Dept.
225 Cadam Plaza E.
Brooklyn, NY 11201

FILED
IN CLE[illegible]
U.S. DISTRI[illegible] .Y.
★ AUG 21 2026 ★
BROOKLYN OFFICE